IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO B. FLEMMING,

    **Plaintiff,**

    v.                                                  CASE NO.  21-3019-SAC

CORE CIVIC, et. al,

    **Defendants.**

## O R D E R

Plaintiff filed this *pro se* civil rights case in the Western District of Missouri on December 28, 2020.  The case was transferred to this Court on January 15, 2021.  On that same date, the Court entered a Notice of Deficiency (Doc. 4), directing Plaintiff to submit his Complaint on court-approved forms and to either pay the filing fee or file a motion to proceed without payment of fees.  The deadline for Plaintiff to correct the deficiencies was February 16, 2021.  The Notice of Deficiency provided that "[i]f you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." (Doc. 4, at 1.)  Plaintiff failed to comply with the Court's order by the deadline and as a consequence, the Court dismissed this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.  (Docs. 7, 8.)

On August 30, 2021, Plaintiff filed a "Grievance and Demand for Relief" (Doc. 9).  The document is largely incomprehensible, but suggests that the facility failed to give him access to his legal files, the law computer, or his six-month account statement.  Plaintiff signed the

document on August 28, 2021, and attaches grievances dated August 20, 21, 25, 26 and 28, 2021.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was not filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may

only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff does not assert relief under any of the subsections in Rule 60(b). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*.

Plaintiff filed his Complaint on December 28, 2020. The Court's Notice of Deficiency granted Plaintiff until February 16, 2021, in which to correct the deficiencies in this case. Plaintiff did not object to the Notice of Deficiency or seek an extension of time within the compliance period. Instead, he filed multiple grievances with the facility in late August 2021. Plaintiff has not shown that relief under any subsection of Rule 60(b) is warranted. Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's "Grievance and Demand for Relief" (Doc. 9) is **denied.** This case remains closed.

**IT IS SO ORDERED.**

Dated November 15, 2021, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**